IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**WINTERWHEAT MARQUEZ**,

    Plaintiff,

v.

**AMRG HOLDINGS**, a Colorado Limited Liability Company;
**QUALITY CARE RESOURCE CENTER**, a Colorado Limited Liability Company;
**WESTERN PLAINS HOLDINGS**, a Colorado Limited Liability Company;
**KENNETH DANIEL**, individually, and in his official corporate capacity;
**DAVID G. KEOWN, JR.**, individually, and in his official corporate capacity; and
**BLAKE A. SHEARS**, individually, and in his official corporate capacity;

    Defendants.

**COMPLAINT**
**(Demand for Jury Trial)**

Plaintiff, Winterwheat Marquez ("Plaintiff"), individually, sues the Defendants, AMRG Holdings, Quality Care Resource Center, Western Plains Holdings, Kenneth Daniel, David G. Keown, and Blake A. Shears (collectively, "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for the Defendants' failure to pay Plaintiff all earned overtime wages, minimum wages, and other wages.

2. This lawsuit also arises under the Colorado Minimum Wage Act ("CMWA"), Colorado Revised Statutes ("C.R.S.") Title 8, Article 6.

3. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

4. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees at least the applicable minimum wage for all hours worked in a given workweek and the applicable overtime rate for all hours worked in excess of 40 in a given workweek.

5. Defendants enforced a policy or practice of not paying minimum wage or one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of 40 hours in a given workweek, in violation of the FLSA.

## JURISDICTION AND VENUE

6. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs occurred within the District of Colorado, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

9.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

10. At all relevant times, Plaintiff is an individual residing in Adams County, Colorado, and is a former employee of Defendants.

11. Plaintiff was employed by Defendants as a telemarketer from approximately August 11, 2019 through approximately November 1, 2019. During her employment with Defendants, Plaintiff's typical job duties included contacting prospective customers and signing them up for a credit repair program.

12. At all material times, Plaintiff was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

13. At all material times, Plaintiff was an employee of the Defendants AMRG Holdings, Quality Care Resource Center, and Western Plains Holdings (collectively, the "Entity Defendants") as defined in the CMWA, C.R.S. § 8-4-101(5) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

14. At all material times, Defendant AMRG Holdings was a limited liability company duly licensed to transact business in the State of Colorado.

15. At all material times, Defendant AMRG Holdings does business, has offices, and/or maintains agents for the transaction of its customary business in Adams County, Colorado.

16. At all materials times, Defendant AMRG Holdings was Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

17. At all materials times, Defendant AMRG Holdings was Plaintiffs' "employer," as defined by the CMWA, C.R.S. § 8-4-101(6).

18. At all material times, Defendant Quality Care Resource Center was a limited liability company duly licensed to transact business in the State of Colorado.

19. At all material times, Defendant Quality Care Resource Center does business, has offices, and/or maintains agents for the transaction of its customary business in Arapahoe County, Colorado.

20. At all materials times, Defendant Quality Care Resource Center was Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

21. At all materials times, Defendant Quality Care Resource Center was Plaintiffs' "employer," as defined by the CMWA, C.R.S. § 8-4-101(6).

22. At all material times, Defendant Western Plains Holdings was a limited liability company duly licensed to transact business in the State of Colorado.

23. At all material times, Defendant Western Plains Holdings does business, has offices, and/or maintains agents for the transaction of its customary business in Denver County, Colorado.

24. At all materials times, Defendant Western Plains Holdings was Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

25. At all materials times, Defendant Western Plains Holdings was Plaintiffs' "employer," as defined by the CMWA, C.R.S. § 8-4-101(6).

26. At all materials times, Defendant David G. Keown, Jr. was Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

27. At all materials times, Defendant Blake A. Shears was Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

28. At all relevant times throughout Plaintiff's employment, AMRG Holdings had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants  As a person who acted in the interest of Defendants in relation to the company's employees, AMRG Holdings is subject to liability under the FLSA.

29. At all relevant times throughout Plaintiff's employment, Quality Care Resource Center had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Quality Care Resource Center is subject to liability under the FLSA.

30. At all relevant times throughout Plaintiff's employment, Western Plains Holdings had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Western Plains Holdings is subject to liability under the FLSA.

31. Defendant David G. Keown, Jr. has caused events to take place giving rise to the claims in this Complaint. David G. Keown, Jr. is an owner of Defendants and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

32. Under the FLSA, Defendant David G. Keown, Jr. is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. David G. Keown, Jr. is an owner of Defendants.

33. At all relevant times throughout Plaintiff's employment, Defendant David G. Keown, Jr. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, David G. Keown, Jr. is subject to individual liability under the FLSA.

34. Defendant Blake A. Shears has caused events to take place giving rise to the claims in this Complaint. Blake A. Shears is an owner of Defendants and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

35. Under the FLSA, Defendant Blake A. Shears is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Blake A. Shears is an owner of Defendants.

36. At all relevant times throughout Plaintiff's employment, Defendant Blake A. Shears had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Miro Jewelers, Inc. As a person who acted in the interest of Defendants in relation to the company's employees, Blake A. Shears is subject to individual liability under the FLSA.

**FACTUAL ALLEGATIONS**

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38. Defendants own and operate as "Quality Care Resource Center," a call center in Westminster county, Colorado.

39. Plaintiff, in her work for the Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

40. At all relevant time, Plaintiff, in her work for the Defendants, was engaged in commerce or the production of goods for commerce.

41. At all relevant times, Plaintiff, in her work for the Defendants, was engaged in interstate commerce.

42. At all relevant times, Plaintiff, in her work for the Defendants, communicated with customers and potential customers using the telephone and internet.

43. Plaintiff was hired by the Defendants to perform work as a telemarketer at Defendants' call center.

44. Defendants compensated Plaintiff at a rate of $13.00 per hour. Plaintiff also received various bonus and commission payments.

45. Plaintiff was never compensated any wages whatsoever for her final paycheck.

46. Plaintiff's final workweek was the week of October 27, 2019 through November 2, 2019. She received her final paycheck on November 11, 2019.

47. Plaintiff attempted to cash her final paycheck, but it was returned on approximately November 20, 2019 due to insufficient funds.

48. The paycheck was again returned on approximately December 4, 2019 due to the account being frozen.

49. Plaintiff made multiple attempts to contact Defendants and Defendants' agents via text message and email.

50. To date, Defendants have not compensated Plaintiff her final paycheck in the amount of $520.59.

51. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff her final paycheck would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

52. As a result, Defendants violated the FLSA, 29 U.S.C. § 206(a) by failing to compensate her at least the applicable minimum wage for all hours worked in her regular workweek.

53. In multiple workweeks, Plaintiff worked in excess of 40 hours. In those workweeks, Defendants were required to compensate Plaintiff one and one-half times her regular rates of pay for all such hours in excess of 40.

54. Plaintiff's regular rate of pay includes any commissions or bonuses paid in addition to her hourly rate of pay.

55. Rather than compensate Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in those given workweeks, Defendants compensated Plaintiff one and one-half times her hourly rate of $13.00 but did not include earned commissions or bonuses in her regular rate of pay.

56. For example, in the workweek of September 8, 2019 through September 14, 2019, Plaintiff worked 44 hours. Plaintiff was compensated for 40 hours at a rate of $13.00 per hour, and 4 hours at a rate of $19.50 per hour.

57. In that pay period, Plaintiff receive an additional $25.00 bonus and an additional $10.00 commission.

58. Therefore, Plaintiff's regular rate of pay for that workweek was $14.39 per hour, and her overtime rate should have been $21.59 per hour rather than $19.50 per hour.

59. As a result, Defendants violated 29 U.S.C. § 207(a) by failing to compensate Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a given workweek.

60. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff her overtime wages over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

61. Plaintiff's paycheck for the week of October 27, 2019 through November 2, 2019 was due on November 11, 2019.  Plaintiff received and attempted to deposit her final check on or about November 11, 2019.

62. On approximately November 20, 2019, Defendants' final paycheck was returned due to insufficient funds.

63. On November 22, 2019, Plaintiff contacted Defendants via email to make a written demand for wages owed to her.

64. To date, Defendants have failed to compensate Plaintiff the wages due and owing to her.

65. As a result of Defendants' failure to compensate Plaintiff her paycheck, the Entity Defendants failed to compensate Plaintiff minimum wage for all hours worked, in violation of the CMWA, C.R.S. § 8-6-104.

66. As a result of Defendants' failure to compensate Plaintiff her paycheck, the Entity Defendants failed to compensate Plaintiff wages owed, in violation of C.R.S. § 8-6-109

67. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA and CMWA wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the CMWA.

68. In her work for Defendants, Plaintiff was not a manager.

69. In her work for Defendants, Plaintiff did not have supervisory authority over any of Defendants' employees.

70. In her work for Defendants, Plaintiff did not possess the authority to hire or fire employees.

71. In her work for Defendants, Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employees.

72. In her work for Defendants, Plaintiff did not direct the work of two or more employees.

73. In her work for Defendants, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

74. In her work for Defendants, Plaintiff's primary duty was not the management of the enterprise in which she was employed or any recognized department of the enterprise.

75. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for her final pay period, Defendants violated the minimum wage provisions of the FLSA, 29 U.S.C § 206(a), and Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

76. As a result of Defendants' failure to compensate Plaintiff at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a given workweek, Defendants violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a), and Plaintiff is therefore entitled to compensation for her unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

77. As a result of the Entity Defendants' failure to pay Plaintiffs any wage whatsoever for her final week of work for the Entity Defendants, the Entity Defendants failed to compensate Plaintiffs minimum wage for all hours worked, in violation of the CMWA, C.R.S. § 8-6-104.  Therefore, Plaintiff is entitled to full minimum wage for all hours worked, together with interest, reasonable attorneys' fees, and costs pursuant to the CMWA, C.R.S. § 8-6-118.

78. As a result of the Entity Defendants' failure to pay Plaintiffs any wage whatsoever, the Defendants failed to compensate Plaintiffs wages as required, in violation of the CMWA, C.R.S. § 8-6-109.  Therefore, Plaintiff is entitled to compensation for her unpaid wages, plus an additional 125% of her unpaid wages as liquidated damages, and attorneys' fees and costs pursuant to the CMWA, C.R.S. § 8-6-109(3)(b)(I).

79. As a result of the Entity Defendants' willful violations of Colorado wage law, the penalty prescribed under C.R.S. § 8-6-109(3)(b) is increased by an additional 50% pursuant to C.R.S. § 8-6-109(3)(c).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

80. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81. The Defendants did not compensate Plaintiff any wage whatsoever for all hours worked in her final week of work for Defendants.

82. The Defendants' failure to pay Plaintiff any wage whatsoever for her final week of work for Defendants violated the FLSA, 29 U.S.C. § 206.

83. As such, Defendants owe Plaintiff the full minimum wage for all hours worked in her final workweek for Defendants.

84. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the

FLSA minimum wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

85.     Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Winterwheat Marquez, respectfully request that this Court grant relief in her favor, and against Defendants, for compensation for unpaid wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

86.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.     The Defendants did not compensate Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a given workweek.

88.     The Defendants' failure to pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in workweek violated the FLSA, 29 U.S.C. § 207.

89.     As such, Defendants owe Plaintiff one and one-half her regular rate of pay for all hours worked in excess of 40 hours in a workweek and one and one-half times.

90.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

91.     Plaintiff is therefore entitled to compensation for her unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Winterwheat Marquez, respectfully request that this Court grant relief in their favor, and against Defendants, for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: COLORADO WAGE CLAIM ACT
## FAILURE TO PAY MINIMUM WAGE

92.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93.     The Entity Defendants did not compensate Plaintiff for any time worked whatsoever for her final week of work for Defendants.

94.     The Entity Defendants' failure to pay Plaintiffs the applicable minimum wage for this time violated the CMWA, C.R.S. § 8-6-104.

95. As such, the Entity Defendants owe Plaintiff the full applicable minimum wage for such time Plaintiff performed work for Defendants.

96. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA and CMWA's wage requirements during Plaintiff's employment. As such, the Entity Defendants' conduct constitutes a willful violation of the CMWA.

97. Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, together with interest, reasonable attorneys' fees, and costs pursuant to the CMWA, C.R.S. § 8-6-118.

**WHEREFORE**, Plaintiff, Winterwheat Marquez, respectfully request that this Court grant relief in their favor, and against Defendants, for compensation for unpaid overtime wages, plus prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT FOUR: COLORADO WAGE CLAIM ACT
### FAILURE TO PAY WAGES

98. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

99. The Entity Defendants did not compensate Plaintiff for any time worked whatsoever for her final week of work for Defendants.

100. Plaintiff's compensation was due on her next regular paydate, November 11, 2019.

101. Defendants' check returned due to insufficient funds on November 20, 2019.

102. On November 22, 2019, Plaintiff contacted Defendants and made a written demand for payment.

103. To date, Plaintiff has not received any compensation for her final week of work for Defendants.

104. Defendants' failed to timely compensate Plaintiff all wages owed in violation of C.R.S. § 8-4-109.

105. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff her final paycheck would violate federal and state law, and Defendants were aware of the FLSA and CMWA's wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the CMWA.

106. Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, plus an additional amount equal to 125% of the unpaid wages as liquidated damages, together with interest, reasonable attorneys' fees, and costs pursuant to C.R.S. § 8-4-109.  Plaintiff is further entitled to an additional 50% of the liquidated damages penalty as a result of the Entity Defendants' willful violation.

**WHEREFORE**, Plaintiff, Winterwheat Marquez, respectfully request that this Court grant relief in their favor, and against Defendants, for compensation for unpaid wages, plus an additional amount equal to 125% of the unpaid wages as liquidated damages, an additional 50% of the liquidated damages due to the willful nature of the

violation, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury on all issues so triable.

RESPECTFULLY SUBMITTED this January 15, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Clifford P. Bendau, II (AZ No. 030204)
Christopher J. Bendau (AZ No. 032981)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
   info@bendaulaw.com


THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

*Attorneys for Plaintiff*