**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-0117-WJM-STV

WINTERWHEAT MARQUEZ,

    Plaintiff,

v.

AMRG HOLDINGS, a Colorado limited liability company,
QUALITY CARE RESOURCE CENTER, a Colorado limited liability company,
KENNETH DANIEL, individually and in his official corporate capacity, and
DAVID G. KEOWN, JR., individually and in his official corporate capacity,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT**

---

This matter is before the Court on Plaintiff Winterwheat Marquez's Renewed Motion for Default Judgment ("Motion") (ECF No. 23) as to Defendants AMRG Holdings, Quality Care Resource Center, Kenneth Daniel, and David G. Keown, Jr. (collectively, "Defendants").  For the following reasons, the Motion is granted.

**I. BACKGROUND**

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual summary contained in its February 5, 2021 Order Denying Plaintiff's Motion for Default Judgment ("Prior Order").  (ECF No. 20.)

Marquez filed her initial Motion for Default Judgment on July 2, 2020 ("Initial Motion"), seeking default judgment on her claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Colorado Wage Act, Colo. Rev. Stat. §§ 8-4-101, *et seq.* ("CWA").  (ECF No. 15.)  The Court then issued its Prior

Order denying the Initial Motion without prejudice, as Marquez had not established Defendants' liability under the FLSA.[1]  (ECF No. 20.)  The Court permitted Marquez to file an amended complaint and renewed motion for default judgment which cured the deficiencies in her Complaint and Initial Motion.  (*Id.* at 8.)

Marquez filed her Amended Complaint on February 19, 2021.  (ECF No. 21.) She filed her Motion on February 22, 2021, again seeking default judgment against Defendants on her FLSA and CWA claims.  (ECF No. 23.)

## II. LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit.  Fed. R. Civ. P. 55(a).  Default judgment must be entered by the Clerk of Court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Default judgment is typically available "only when the adversary process has been halted because of an essentially unresponsive party," in order to avoid further delay and uncertainty as to the diligent party's rights.  *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

## III. ANALYSIS

Before granting a motion for default judgment, the Court must ensure that it has subject-matter jurisdiction over the action and personal jurisdiction over the defaulting defendant.  *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the

---

[1] Because the Court found that Marquez had not established liability on her federal claim, it declined to reach her CWA claim.  (ECF No. 20 at 8.)

defaulting defendant. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009).

**A.    Jurisdiction**

The Court incorporates by reference the jurisdictional analysis in its Prior Order, finding that it properly exercises subject-matter jurisdiction over the action and personal jurisdiction over Defendants. (ECF No. 20 at 3–4.)

**B.    Defendants' Liability**

   i.    *FLSA Claims*

Marquez alleges that Defendants failed to compensate her for her final week of employment, as her paycheck did not clear her bank, and that Defendants did not compensate her at the proper overtime rate. (ECF No. 21 ¶¶ 75–86.)

To establish liability under the FLSA, a plaintiff must show that: (1) she was employed by the defendant during the relevant time; (2) in the plaintiff's work for the defendant, she was engaged in commerce or the production of goods for commerce, or she was employed by an enterprise engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000; and (3) that the defendant failed to pay plaintiff minimum wage for all hours worked, or that the defendant failed to pay plaintiff overtime for all hours worked in excess of 40 hours in a one or more workweeks. *See Murphy v. AllStaff Homecare, LLC*, 2019 WL 4645440, at *3 (D. Colo. Sept. 24, 2019); 29 U.S.C. §§ 203(s)(1)(A)(ii), 206(a), 207(a).

As the Court found in its Prior Order, Marquez's allegations establish that an employment relationship existed between her and Defendants because she alleges that Defendants supervised her, exercised control over her schedule and daily job duties,

and had the power to hire or fire her.  (ECF No. 20 at 5; *see also* ECF No. 21 ¶¶ 23–24, 27.)

To establish individual coverage under the FLSA, an employee "must directly participat[e] in the actual movement of persons or things in interstate commerce." *Reagor v. Okmulgee Cnty. Family Res. Ctr.,* 501 F. App'x 805, 809 (10th Cir. 2012) (internal quotations omitted).  This mandate means that the employee "must either work for a transportation or communication industry employer or regularly and recurrently use an instrument of interstate commerce, such as a telephone."  *Daley v. Alpine Urology, P.C.*, 2016 WL 1460306, at *2 (D. Colo. Apr. 13, 2016).

In its Prior Order, the Court found that Marquez had failed to satisfy the second element of her FLSA claim because she did not allege in non-conclusory fashion that she or Defendants participated in interstate commerce.  (ECF No. 20 at 6–8.)  In her Amended Complaint, however, Marquez alleges that she regularly used a telephone to communicate with potential customers located outside the State of Colorado.  (ECF No. 21 ¶¶ 36–38.)  Because Marquez alleges that she engaged in interstate commerce through these communications, she has established the second element of a FLSA claim.

Finally, Marquez alleges that Defendants failed to pay her the required minimum wage because her paycheck was returned.  (ECF No. 21 ¶¶ 56–57.)  Marquez further alleges that Defendants failed to pay her overtime wages at the required rate of one-and-one-half times her base rate of pay because Defendants did not factor in her bonus and commission payments in calculating her overtime rate.  (*Id.* ¶¶ 39, 51.)

4

Accordingly, she has satisfied the third element and established Defendants' violation of the FLSA.

    ii.    *CWA Claims*

Marquez asserts that Defendants violated the CWA by failing to compensate her for her final week of work. (ECF No. 21 ¶¶ 82–101.)

Under the CWA, "wages" or "compensation" are defined as all amounts earned, vested, and determinable which are owed to an employee for labor or service performed by that employee. *See* Colo. Rev. Stat. § 8-4-101(14)(a)(I). An "employee," for these purposes, is "any person . . . performing labor or services for the benefit of an employer in which the employer may command when, where, and how much labor or services shall be performed." Colo. Rev. Stat. § 8-4-101(5). When an employee quits or resigns from employment, her "wages or compensation shall become due and payable upon the next regular payday." Colo. Rev. Stat. § 8-4-109(1)(b). If an employer refuses to pay the wages or compensation accordingly, "the employee . . . may send a written demand for the payment." *Id.* § 8-4-109(3)(a). "If an employee's earned, vested, and determinable wages or compensation is not paid within fourteen days after the written demand is sent . . . the employer shall be liable to the employee for the wages or compensation, and a penalty." *Id.* § 8-4-109(3)(b).

First, as discussed above, Marquez's allegations establish that she was Defendants' employee because she alleges that she performed labor and services as a telemarketer and that Defendants exercised control over her work schedule, tasks, and processes. (ECF No. 21 ¶¶ 36–38.)

5

Second, Marquez alleges that she was not paid for her final week of work. (ECF No. 21 ¶¶ 42–45.) She further alleges that she made a written demand for payment, but Defendants nonetheless failed to compensate her. (*Id.* ¶ 58.) Accordingly, Marquez has established a claim under the CWA. The Court therefore proceeds to the issue of damages.

**C.    Damages**

The FLSA and CWA give rise to similar and, at least partially, overlapping damages. Although Marquez is entitled to bring claims under both the FLSA and CWA, *Redmond v. Chains, Inc.*, 996 P.2d 759, 764 (Colo. App. 2000), she may recover damages only under the statute which provides the greatest relief. *See Jiao v. She Ya Chen*, 2007 WL 4944767, at *17 (S.D.N.Y. Mar. 30, 2007) ("Where a plaintiff is entitled to damages under both federal and state wage law, a plaintiff may recover under the statute which provides the greatest amount of damages.").

Marquez opts for recovery pursuant to the CWA, as this statute provides a greater recovery than the FLSA. (ECF No. 23 at 10.) She seeks damages totaling $1,515.59. (ECF No. 23 at 9.) This figure represents her final paycheck for $520.59 and her unpaid overtime wages of $6.87, increased by 125% under the CWA, which amounts to a total of $658.95. (*Id.* at 9–10.) Marquez further increases this number by 50%, or an additional $329.48, as she alleges that the wage violations were willful. (*Id.* at 10.)

      i.    *Unpaid Wages*

Marquez presents evidence that her paycheck was for $520.59. (ECF No. 23-1 at 14.) She does not, however, cite any authority pursuant to the CWA entitling her to

the $6.87 in overtime wages.  Rather, only the FLSA appears to provide for overtime as calculated based on bonuses.  As such, the Court calculates Marquez's CWA damages from her $520.59 unpaid paycheck and will separately calculate her unpaid overtime damages arising under the FLSA.

First, Marquez provides a copy of the rejected paycheck in the amount of $520.59.  Additionally, because she provides proof in the form of an e-mail exchange notifying Defendants of the check's failure to clear and demanding payment, she is entitled to a penalty of 125% of that amount, or $650.74.  (ECF No. 23-1 at 14; *see also* Colo. Rev. Stat. § 8-4-109(3)(b)(I).)  Further, Marquez alleges that Defendants willfully failed to pay her, and attaches a printout of an e-mail exchange wherein Defendants' representative acknowledged her demand for payment.  (ECF No. 21 ¶¶ 42–45; ECF No. 23-1 at 16.)  Accordingly, she has established that the CWA violation was willful and is therefore entitled to an additional penalty of 50% of her unpaid wages.  *See Fracasse v. Ablaze Energy*, 2016 WL 8577551, at *7 (D. Colo. July 1, 2016) (finding willful violation under CWA where plaintiff provided images of text messages in which defendant acknowledged its failure to compensate plaintiff).  The 50% penalty results in an additional $260.30.

Totaling the base pay amount of $520.59 and the statutory penalties of $650.74 and $260.30, Marquez's CWA damages based on the non-payment of her wages amount to $1,431.63.

    ii.    *Unpaid Overtime*

As to Marquez's overtime pay claim, the FLSA requires the base pay for overtime to be calculated including bonuses and commissions.  29 C.F.R. § 778.109 ("The

7

regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek divided by the total number of hours actually worked by him in that workweek for which such compensation was paid.").

Marquez provides evidence that she received bonuses and commissions during three pay periods in which she worked overtime. (ECF No. 23-1 at 9–12.) Defendants calculated her overtime rate at $19.50 per hour during these pay periods based on her standard base wage of $13 per hour. (*Id.*) Factoring her bonuses and commissions into her base pay rate for these three pay periods, Marquez is entitled to recover an additional $6.87 in overtime wages. (*Id.*)

The FLSA provides for additional liquidated damages equal to the amount of unpaid wages. 29 U.S.C. § 216(b). Accordingly, Marquez may recover $13.74 for her unpaid overtime claim under the FLSA. Adding this sum to Marquez's damages for unpaid wages under the CWA yields a total of $1,445.37.

**D.      Attorneys' Fees & Costs**

Marquez requests leave to file a motion for attorneys' fees, in addition to costs and post-judgment interest on her award. (ECF No. 23 at 10.) The CWA and FLSA provide for an award of reasonable attorneys' fees to a prevailing party. Colo. Rev. Stat. § 8-4-110(1); 29 U.S.C. § 216(b). The Court will therefore allow Marquez to file a motion for attorneys' fees.

As to Marquez's request for costs and interest, Federal Rule of Civil Procedure 54(d) provides that costs, other than attorneys' fees, should be awarded to a prevailing party, and 28 U.S.C. § 1961 provides for an award of post-judgment interest to the

prevailing party in a civil action. Accordingly, Marquez may also recover costs and post-judgment interest.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Motion (ECF No. 23) is GRANTED;

2. The Clerk shall enter judgment in favor of Plaintiff Winterwheat Marquez and against Defendants AMRG Holdings, Quality Care Resource Center, Daniel, and Keown in the amount of $1,445.37;

3. Marquez is AWARDED post-judgment interest on the foregoing sum from the date of this Order at the rate set by 28 U.S.C. § 1961;

4. Marquez shall have her costs upon the filing of a bill of costs in accordance with the procedures under Rule 54(d) and District of Colorado Local Civil Rule 54.1; and

5. Marquez is DIRECTED to file documentation of her attorneys' fees reasonably incurred in prosecuting this action no later than **August 23, 2021**. This documentation will include, but not be limited to, a demonstration by Marquez that she exercised reasonable billing judgment in preparing this attorneys' fees and costs submission.

Dated this 10th day of August, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge