**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-0117-WJM-STV

WINTERWHEAT MARQUEZ,

    Plaintiff,

v.

AMRG HOLDINGS, a Colorado limited liability company,
QUALITY CARE RESOURCE CENTER, a Colorado limited liability company,
KENNETH DANIEL, individually and in his official corporate capacity, and
DAVID G. KEOWN, JR., individually and in his official corporate capacity,

    Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

---

Before the Court is Plaintiff Winterwheat Marquez's Motion for Attorneys' Fees and Costs ("Motion"). (ECF No. 27.) For the following reasons, the Court grants the Motion.

### I. BACKGROUND

Marquez commenced this unpaid wage action against her former employers, Defendants AMRG Holdings, Quality Care Resource Center, Kenneth Daniel, and David G. Keown, Jr. (collectively, "Defendants"), on January 15, 2020, alleging that they failed to pay her final paycheck and the proper overtime rate in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Colorado Wage Act ("CWA"), Colo. Rev. Stat. §§ 8-4-101, *et seq*. (ECF No. 1.)

As a result of Defendants' failure to appear or otherwise defend the action, the Court granted Marquez's Renewed Motion for Default Judgment on August 10, 2021.

(ECF No. 25.)  At the Court's direction (ECF No. 25 at 8–9.), on August 23, 2021, Marquez filed her Motion.  (ECF No. 27.)

## II. LEGAL STANDARD

To determine reasonable attorneys' fees, the Court must calculate a "lodestar figure" by multiplying a reasonable hourly rate by the hours reasonably expended. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).  Attorneys should exercise "billing judgment" to winnow "hours actually expended down to hours reasonably expended."  *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).

"The party seeking fees bears the burden of establishing the number of hours expended and the hourly rate."  *Casey v. Williams Prod. RMT Co.*, 599 F. Supp. 2d 1253, 1255 (D. Colo. 2009).  "In determining what is a reasonable number of hours, the Court may consider the facts and complexity of the case, strategies used and responses necessitated by opposing parties' legal maneuvering."  *Id.*  "Regarding the hourly rates charged, the Court should base its award on market evidence of attorney billing rates for similar litigation."  *Id.*  "Market evidence for lawyers with similar skill and experience in the relevant practice areas will inform the Court's decision on billing rates."  *Id.*

## III. ANALYSIS

In her Motion, Marquez seeks a fee award of $4,779.50, representing 12.1 hours expended by her attorney, Christopher Bendau, at a rate of $395 per hour.  (ECF No. 27 at 4–5.)  Marquez further requests $400 in costs, representing the filing fee for the initial Complaint.  (*Id.* at 5.)

Because Marquez is the prevailing party in this action, she is entitled to an award of reasonable attorneys' fees.  *See* Colo. Rev. Stat. § 8-4-110(1); 29 U.S.C. § 216(b). The Court therefore considers the reasonableness of Marquez's counsel's fee rate and hours expended on this matter.

Regarding the requested fee rate, Marquez cites a recent case from the District of Arizona in which a court awarded Bendau attorneys' fees at a rate of $395 per hour. (ECF No. 27 at 4; ECF No. 27-2 at 9.)  She further attaches the fee agreement between herself and Bendau, which provides for a "prevailing partner rate" of $395.  (ECF No. 27-1 at 2–3.)

Bendau states in his declaration that he has been practicing employment wage and hour litigation since 2016 and has litigated more than 130 lawsuits in federal courts. (ECF No. 27-4 at 5.)  He further states that his hourly fee is "commensurate with [his] experience level" and "well within the standard hourly rates charged by other law firms in the Phoenix Metropolitan Area."  (*Id.* at 4.)

Apart from these statements, Bendau does not provide any independent evidence that confirms his requested fee rate is consistent with the prevailing market rates in *Colorado* for attorneys of similar skill, experience, and reputation.  (*See generally* ECF No. 45.)  Further, the Arizona order provided in support of his fee rate does not include a discussion of the reasonableness of such fee.  (ECF No. 27-2 at 9.)

Given Bendau's failure to provide a basis his fee rate apart from self-serving statements regarding a different state's legal market, and given his relatively few years of legal experience, the Court is not convinced that $395 is an appropriate fee rate in this geographic market for an attorney of Bendau's skill and limited years of experience.

3

The Court will therefore reduce the rate to $300 per hour, which it finds more adequately represents the typical fee rate in the Denver metropolitan area for labor and employment attorneys of similar experience and skill.  *See, e.g.*, *Griego v. Arizona Partsmaster, Inc.*, 2021 WL 1541709, at *4 (D. Colo. Apr. 20, 2021) (awarding $300 per hour in employment action where attorneys had over ten years of experience in practice); *see also Grabda v. IMS Acquisition, Inc., et al.*, 2020 WL 6680378, at *2 (D. Ariz. Nov. 12, 2020) (finding Bendau's requested fee rate of $395 per hour excessive and reducing it to $325 per hour).

In support of the reasonableness of the hours expended on this matter, Bendau states that he exercised billing judgment by opting not to bill for tasks that were "duplicative or inefficient" such as communications with Marquez and the filing of the Renewed Motion for Default Judgment after the Court denied the initial Motion for Default Judgment.  (ECF No. 27 at 6.)  Bendau's reconstructed time sheet reflects the same.  (ECF No. 27-3 at 2–3.)

Having reviewed the timesheet and Bendau's declaration, the Court finds that the time expended on this matter was reasonable.  The Court will therefore award attorneys' fees in the amount of $3,630, representing 12.1 hours expended at a rate of $300 per hour.

As for an award of costs, Marquez's counsel attaches a printout of an e-mail notice from the Court's electronic filing system reflecting a charge of $400 for the filing of the Complaint.  (ECF No. 27-3 at 4.)  As the prevailing party in this action, Marquez is entitled to an award of costs.  Fed. R. Civ. P. 54(d).  The Court therefore awards her $400 in costs.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Marquez's Motion (ECF No. 27) is GRANTED; and

2. Marquez is AWARDED attorneys' fees in the amount of $3,630 and non-taxable costs in the amount of $400, for a total of $4,030.

Dated this 25th day of August, 2021.

BY THE COURT:

_____
William J. Martínez
United States District Judge